SELMA STEINBACH et al., Respondents, v. STANLEY DENKER, Appellant.— In a negligence action to recover damages for injuries to person and property, defendant appeals from an order of the Supreme Court, Queens County, dated December 14, 1960, granting plaintiffs' motion for summary judgment and directing an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. The three plaintiffs claim to have been injured when the motor vehicle, owned and operated by plaintiff Harry M. Steinbach, in which the other two plaintiffs were passengers, was struck in the rear by a motor vehicle owned and operated by the defendant, while the plaintiffs' vehicle was at a standstill in traffic. Order reversed, without costs, and motion for summary judgment denied. There is a sharp conflict as to the force of the impact between the two vehicles and as to the injuries which resulted from the collision. Under the circumstances, without full testimony as to the happening of the accident in order to determine the nature and extent of the injuries and whether they could have resulted from this accident, the damages cannot be properly assessed. Accordingly, we think there should be a trial of all the issues. Nolan, P. J., Ughetta, Kleinfeld and Brennan, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: The majority

of the court agrees that there is no triable issue of fact as to defendant's negligence. However, since there is sharp conflict as to the force of the impact and the extent of the injuries, defendant claiming that there are none, it is urged that here lie grounds for denial of the motion. My view is that under rule 113 of the Rules of Civil Practice this conflict should not defeat the motion. The rule (subd. 3) expressly states that: "The existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment." In their moving affidavits in support of the motion all three plaintiffs claim personal injury as a result of the impact, and these injuries are more fully described in plaintiffs' bill of particulars. In opposition to the motion, one of defendant's attorneys in his affidavit states merely that there was no property damage. He does not challenge the claim of personal injuries; in fact, he refers to plaintiff's allegation of "'whiplash' injuries." There being no question as to liability, rule 113 is explicit that no matter what inquiry may be necessary to determine any issue as to the proper amount or extent of the damages, such inquiry and such issue will not defeat the motion for summary judgment.